IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

    Petitioner,

v.                                                                               No. CV 14-1072 WJ/LAM

GERMAN FRANCO, WARDEN,

    Respondent.

MEMORANDUM OPINION, ORDER OF DISMISSAL,
AND NOTICE OF PROPOSED FILING RESTRICTIONS

This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The Court will dismiss the petition for lack of jurisdiction.

In two previous § 2254 proceedings, *Ahlgrim v. Lopez*, No. CV 12-1016 RB/GBW; *Ahlgrim v. Franco*, No. CV 13-0489 JB/CEG, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records). In the earlier cases, Petitioner asserted a number of claims of constitutional error in his state court trial and sentencing. The Court dismissed the first petition with prejudice. Petitioner then returned to the state courts in further pursuit of habeas corpus relief. These efforts produced no relief, and he brought a new § 2254 petition raising four claims of constitutional error in the state court criminal proceeding. The Court dismissed the second petition for lack of jurisdiction as a second or successive petition and notified Petitioner "that filing further habeas corpus pleadings attacking the same conviction or sentence may result in imposition of filing restrictions." (No. CV 13-0489 JB/CEG, Doc. 5.)

According to the current petition (p. 14), Petitioner again sought habeas relief in the state courts, which again resulted in denial of certiorari review by the New Mexico Supreme Court. He then filed the current § 2254 petition.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *cf. Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current petition is Petitioner's third and is not accompanied by an authorizing order. His claims merely reframe issues from his first two petitions; therefore, according to the factors in *Cline*, the Court will dismiss Petitioner's petition for lack of jurisdiction.

Because Petitioner persists in ignoring this Court's orders, and because his filings are not only successive but also repetitive and abusive, the Court will propose restrictions on further filings by Petitioner related to the same conviction or sentence. The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant." *Keyter v. 535 Members of the 110th Congr*, 277 F. App'x 825, 827 (10th Cir. 2008) (citing *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). Here, even after the Court dismissed Petitioner's original habeas corpus petition, he filed two slightly different versions of the petition. Petitioner's abusive conduct justifies imposition of an injunction against him to deter frivolous filings. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). The Court will notify

Petitioner of proposed filing restrictions. *See id.* at 353-54. If Petitioner fails to comply with this order, the Court may enter the proposed restrictions below without further notice. The proceeding will not be dismissed until the matter of filing restrictions is resolved.

IT IS THEREFORE ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is DISMISSED for lack of jurisdiction;

IT IS FURTHER ORDERED as follows:

Petitioner is hereby notified that, by subsequent order, he will be enjoined from making further filings in this case except objections to this order and a notice of appeal; and the Clerk will be directed to return without filing any additional submissions by Petitioner in this case other than objections to this order or a notice of appeal, unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. Petitioner has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Petitioner also will be enjoined from initiating further proceedings in this Court related to the same conviction or sentence, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Petitioner first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Petitioner must take the following steps:

1. Submit to the Clerk of Court a petition for leave to file a *pro se* initial pleading with an affidavit and proposed initial pleading;

2. The affidavit must be notarized, be in proper legal form, and recite the claims that

Petitioner seeks to present, including a short discussion of the legal right asserted, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Petitioner's knowledge, the new claims are not frivolous or made in bad faith; they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation.  If Petitioner's claims have previously been raised, the affidavit must certify that the proposed new habeas petition is not a second or successive petition;

      3. Submit the petition, affidavit, and proposed pleading, with a copy of these filing restrictions, to the Clerk of the Court, who will forward them to the Chief Magistrate Judge for determination of whether to permit the filing of a *pro se* original proceeding.  Unless the Chief Magistrate Judge approves the filing and the Chief District Judge concurs, the Clerk will be directed to notify Petitioner and return his papers.  If the Chief Magistrate Judge and Chief District Judge approve the filing, the Clerk will open a civil case and file the pleading.

**Within fourteen (14) days from entry of this order, Petitioner may file written objections, limited to ten pages, to these proposed filing restrictions.  If Petitioner files no timely objections, the Court may enter the restrictions without further notice.  If Petitioner files timely objections, restrictions will take effect only upon entry of a subsequent order on the objections.**

                                                                                                      UNITED STATES DISTRICT JUDGE